IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME CAMERON, Individually, and as Next Friend of A.C., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-CV-08347 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS NICHOLAS J. WEDSTER (Star #7452), D QUINN(Star #4233), and J KUKSUK (Star #10111), | ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## CIVIL COMPLAINT

NOW COMES the Plaintiff, JEROME CAMERON, individually and as Next Friend of A.C., a minor, by and through one of their attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to address deprivations of Plaintiffs' rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Jerome Cameron is a United States citizen who resides in the Northern District of Illinois.

1

5. A.C. is a United States citizen who resides in the Northern District of Illinois. She is 9 years old and the daughter of Plaintiff.

6. Defendant Police Officers N Wedster (Star #7452), Officer D Quinn (Star #4233), and Officer J Kuksuk (Star #10111) (hereinafter referred to as "Defendant Officers") are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. They are sued in their individual capacity.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago                    .

## BACKGROUND

8. On the evening of April 23, 2015, at or near 1400 N. Cicero Ave., in Chicago, Illinois, two Defendant Officers unlawfully stopped Plaintiff Cameron, who was driving with his seven year old daughter, Plaintiff A.C.

9. Plaintiff A.C. was in the back seat with her seat belt on because she had been with her father for Take Your Daughter to Work Day.

10. Plaintiff Cameron had a license issued by the Illinois State Police to conceal and carry a firearm.

11. When they stopped Plaintiff's vehicle, Defendant Officers did not have probable cause to believe Plaintiff Cameron had committed a crime, was committing a crime, or was about to commit a crime on April 23, 2015.

12. When they stopped his vehicle, Defendant Officers did not have reasonable suspicion to believe Plaintiff Cameron had committed a crime, was committing a crime, or was about to commit a crime, on April 23, 2015.

13. Defendant Officers averred in sworn police reports that they stopped Plaintiff Cameron because they noticed a center broken brake light.

14. Under 625 ILCS 5/12-201(b), only 2 lighted tail lamps are required, and those are the rear right and rear left tail lamps.

15. Plaintiff Cameron's right and left rear tail lamps were working on April 23, 2015.

16. On April 23, 2015, Plaintiff Cameron was complying with all laws of the State of Illinois.

17. As Plaintiff Cameron was unlawfully pulled over, Defendant Officers then ran Plaintiff's information through a computer database, which revealed a purported "investigative alert" for Plaintiff.

18. An "investigative alert" is a Chicago Police Department intra-department notice that police officers rely on to take someone into custody. It is not an arrest warrant.

19. At that time, Defendant Officers also learned that Plaintiff Cameron was a concealed carry license holder.

20. On April 23, 2015, Defendant Officers then searched Plaintiff Cameron's person and vehicle and placed him under arrest.

21. Defendants Officers' search and arrest of Plaintiff Cameron on April 23, 2015 was without probable cause or reasonable suspicion to believe he had committed or was committing a crime.

22. Defendant Officers drove Plaintiff Cameron's truck to the police station located at 5555 W. Grand Avenue, Chicago, IL 60639, where it was subsequently towed to Chicago Auto Pound located at 701 N. Sacramento Boulevard, Chicago, IL 60612.

23. Plaintiff A.C. was transported to the police station where she was held until she was later picked up by her mother.

24. A.C. had committed no crime on April 23, 2015.

25. The "investigative alert" stemmed from Defendant Wedster's alleged stop of a person holding the identification of Jerome Cameron on March 31, 2013 for being in a high narcotic traffic area at approximately 6100 S. Troy in Chicago.

26. In a case incident report from March 31, 2013, Defendant Wedster wrote that he recovered suspect crack cocaine and suspect black tar heroin from the offender.

27. Defendant Wedster averred in the original case incident report dated March 31, 2013, that the offender escaped.

28. Plaintiff Cameron did not have any interaction or contact with Defendant Wedster on March 31, 2013.

29. Plaintiff Cameron was nowhere near 6100 S. Troy in Chicago, Illinois on March 31, 2013.

30. Plaintiff Cameron was also not carrying any illegal drugs on that day.

31. On April 23, 2015, Defendant Wedster saw Plaintiff in-person at the Grand and Central police station.

32. On April 23, 2015, Defendant Wedster knew that Plaintiff Cameron did not have any interaction with him on March 31, 2013 because Wedster knew that Plaintiff Cameron was not the man that he encountered on March 31, 2013.

33. Additionally, an April 9, 2013 lab report performed by the Illinois State Police Division of Forensic Services of the substances purportedly retrieved by Defendant Wedster on March 31, 2013 revealed that none of the contents retrieved from the large ziplock bag nor the 5 tinfoil packages were controlled substances.

34. As of April 9, 2013, Defendant Wedster knew that none of the substances allegedly possessed by the offender on March 31, 2013, were illegal substances.

35. At any time between April 9, 2013 and the present, Defendant Wedster reasonably could have learned that none of the substances allegedly possessed by the offender on March 31, 2013, were illegal substances.

36. Defendants falsely charged Plaintiff Cameron with felony possession of a controlled substance in order to target him and harass him.

37. On April 23, 2015, Defendant Officers also knew that Plaintiff Cameron was a concealed carry license holder.

38. On April 23, 2015, Defendant Wedster signed and swore to a felony complaint charging Plaintiff Cameron with possession of a controlled substances (cocaine) at 6100 S. Troy on March 31, 2015.

39. Defendant Wedster knew that the felony complaint would lead to the initiation of felony charges against Plaintiff Cameron.

40. Defendant Wedster intentionally falsified the date of occurrence on the felony complaint to March 31, 2015.

41. Defendant Wedster knew that Plaintiff Cameron was not in possession of a controlled substance on March 31, 2015 at or near 6100 S. Troy in Chicago.

42. Defendant Wedster knew that Plaintiff Cameron was not in possession of a controlled substance on March 31, 2013 at or near 6100 S. Troy in Chicago.

43. Defendant Wedster knew that he did not have probable cause to charge Plaintiff Cameron with possession of a controlled substance on April 23, 2015.

44. Defendant Wedster did not have probable cause to charge Plaintiff Cameron with possession of a controlled substance on April 23, 2015.

45. Defendant Quinn initiated criminal proceedings by signing a sworn complaint against Plaintiff Cameron for misdemeanor endangering the life or health of a child for "knowingly causes or permits a child to be placed in circumstances that endanger the child's life or health. To wit: left a fully loaded .45 cal firearm in reaching distance and fully accessible to his 7 year old child."

46. Defendant Quinn initiated criminal proceedings by signing a sworn complaint against Plaintiff Cameron for violation of the Firearm Concealed Carry Act.

47. Plaintiff Cameron was in compliance with the Firearm Concealed Carry Act.

48. Defendants falsely charged Plaintiff Cameron with the above crimes in order to cover up their own illegal stop of Plaintiff.

49. On April 23, 2015, Plaintiff Cameron's gun was unloaded and properly in a case in his vehicle.

50. On April 23, 2015, Plaintiff Cameron was a licensed conceal and carry holder.

51. Defendant Officers found Plaintiff Cameron's gun cased and unloaded in his truck.

52. While Plaintiff Cameron was handcuffed in the back seat of the squad car, he saw Defendant Officers remove his gun from its case and load it.

53. Defendant Officers loaded plaintiff's gun and took it out of its case in order to place false charges against him.

54. On October 14, 2015, the State dismissed the remaining charges terminating the matter in Plaintiff Cameron's favor.

55. As a result of Defendants' actions, Plaintiff Cameron incurred legal fees, loss of liberty, loss of employment, pain and suffering and severe emotional damages.

## COUNT I
### 42 U.S.C. § 1983 - Equal Protection – Class of One (as to Plaintiff Cameron)

56. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

57. Defendant Officers targeted Plaintiff by filing false complaints against him, targeting him and discriminating against him, and falsifying police reports.

58. Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

59. There was no rational basis for the difference in treatment.

60. Defendant Officers were motivated by illegitimate animus against the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, attorneys' fees, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT II
### Due Process Violation (*Brady*) (as to Plaintiff Cameron)

61. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

62. Defendant Officers acted in a manner in which to frame and thereby deprive the plaintiff of his Constitutional rights, as described in more detail above.

63. Defendant Officers, acting individually, jointly and in conspiracy, as well as under the color of the law and within the scope of their employment, deprived the Plaintiff of his Constitutional right to a fair trial.

64. Defendant Officers testified falsely, stood by false police reports that they knew prosecutors would rely upon, destroyed exculpatory evidence, continued to pursue false criminal charges against Plaintiff, and withheld from both the prosecutor and the Plaintiff, all exculpatory evidence.

65. Plaintiff was prejudiced by the above described actions of the individual Defendants because disclosure of the suppressed, exculpatory evidence would have affected the prosecution's decision to take the charges against him to trial.

66. In the manner described above, the Defendants deliberately withheld evidence which was relevant to the Plaintiff's innocence, thereby misleading and misdirecting the criminal prosecution of the Plaintiff. The Defendant Officers also falsified statements and their testimony at trial, as discussed above.

67. The individual Defendants also failed to inform the State's Attorneys' Office of their misconduct, failed to inform the State's Attorneys' Office of the exculpatory lab report related to Plaintiff, and withheld the evidence and exculpatory information up to and including the dismissal of charges against Plaintiff.

68. The Defendant Officers' misconduct resulted directly in denying Plaintiff his Constitutional right to a fair trial.

WHEREFORE, Plaintiff demands judgment against the individual Defendants, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, and such other and additional relief as this court deems equitable and just.

## COUNT III

**42 U.S.C. § 1983 Civil Conspiracy to Interfere with Plaintiff's Rights (as to Plaintiff Cameron)**

69. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

70. Beginning on April 23, 2015, through and including the eventual dismissal of charges against Plaintiff, Defendant Officers, among themselves, expressly or impliedly formed an agreement to falsely arrest and illegally seize Plaintiff in violation of his constitutional rights and deprive Plaintiff of his right to a fair trial and his right to equal protection under the law.

71. In furtherance of this conspiracy, Defendant officers agreed to fabricate and conceal material evidence, testify falsely, and destroy or hide exculpatory evidence.

72. Defendant Officers also relied on, or made, sworn, false statements to fabricate probable cause to charge Plaintiff with felony and misdemeanor charges; concealed information concerning the existence of the conspiracy from the prosecutor; harassed and intimidated Plaintiff and suppressed all of these actions through and including dismissal.

73. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendant Officers.

74. As a result of this conspiracy to deprive Plaintiff of his due process right to a fair trial and right to equal protection under the law, Plaintiff was injured, including loss of liberty, conditions of bond, physical and emotional damages, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

**42 U.S.C. § 1983- Fourth Amendment Malicious Prosecution (as to Plaintiff Cameron)**

75. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

76. Plaintiff's seizure was unsupported by probable cause.

77. Despite that, Defendant Officers initiated and caused Plaintiff's seizure pursuant to legal process.

78. Defendant Officers' conduct as described above was undertaken intentionally or with reckless disregard to the lack of probable cause.

79. Defendant Officers' conduct was undertaken with the intent to deceive.

80. The criminal charges brought against Plaintiff by Defendant Officers were resolved in Plaintiff's favor.

81. For two decades the Seventh Circuit did not recognize Fourth Amendment claims for malicious prosecution while ten other circuits have.

82. The viability of this claim is currently being reviewed by the Supreme Court of the United States in the matter of *Elijah Manuel v. City of Joliet, Illinois, et al*. No. 14-9496.

83. Thus, Plaintiff brings this Fourth Amendment malicious prosecution claim to preserve the same.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief that this court deems equitable and just.

## COUNT V
**42 U.S.C. § 1983- Unlawful Search (as to Plaintiff Cameron)**

84. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

85. Defendant Officers searched Plaintiff's person and vehicle.

86. Defendant Officers did not have a warrant to search Plaintiff's person or vehicle.

87. Defendant Officers did not have consent to search Plaintiff's person or vehicle.

88. Defendant Officers did not have probable cause to search Plaintiff's person or vehicle.

89. There were no exigent circumstances that authorized Defendant Officers to search Plaintiff's person or vehicle as Plaintiff was already in Defendants' custody.

90. By searching Plaintiff's person and vehicle without a warrant, exigent circumstances, consent or any other legal justification, Defendant Officers' conduct constituted deliberate indifference to Plaintiff's rights, in violation of the protections afforded by the Fourth and Fourteenth Amendment to the United States Constitution.

91. As a result of the search, Plaintiff was injured, including, emotional damages, trauma, humiliation, and mental distress.

92. The actions of the Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, costs and additional relief that this Court deems equitable and just.

### COUNT VI
### 42 U.S.C. § 1983 – Unlawful Seizure (as to Plaintiff Cameron)

93. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

94. Defendant Officers stopped and detained Plaintiff.

95. Defendant Officers did not have a reasonable suspicion that Plaintiff was committing a crime when they detained him.

96. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

97. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, employment, emotional damages, mental distress, and legal fees.

98. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### 42 U.S.C. § 1983 – Unlawful Seizure (as to Plaintiff A.C.)

99. A.C. re-alleges and incorporates all of the allegations in the preceding paragraphs.

100. Defendant Officers stopped and detained A.C..

101. Defendant Officers did not have a reasonable suspicion that A.C. was committing a crime when they detained her.

102. Such actions constitute deliberate indifference to A.C.'s rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

103. As a result of the illegal seizure, Plaintiff A.C. was injured, including loss of liberty and emotional damages.

104. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to A.C.'s rights.

WHEREFORE, Plaintiff A.C. demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII
### 42 U.S.C. § 1983 – False Arrest (as to Plaintiff Cameron)

105. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

106. Defendant Officers arrested Plaintiff.

107. Defendant Officers did not have probable cause to believe that Plaintiff was committing a crime when they arrested him.

108. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

109. As a result of the false arrest, Plaintiff was injured, including loss of liberty, employment, emotional damages, mental distress, and legal fees.

110. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

### COUNT IX

#### *Monell* (Policy) Claim
#### Against Defendant City of Chicago

111. The Constitutional violations detailed above were possible for Defendant Officers to perpetrate because of the express unconstitutional policy of the Defendant City of Chicago's Police Department concerning investigative alerts.

112. The written City of Chicago Police Department policy concerning investigative alerts states that officers "who run name checks on individuals who have Investigative Alert/Probable Cause to Arrest on file will: take the subject into custody if not already in custody."

113. The written CPD policy concerning investigative alerts is designed to circumvent the warrant requirement of the Fourth Amendment to the United States Constitution.

114. An investigative alert is not an arrest warrant.

115. An Investigative Alert/ Probable Cause to Arrest notation on an individual's file has not been presented to a neutral magistrate before appearing in someone's file.

116. The Constitutional violations that Plaintiff suffered are due in part to the City of Chicago policy concerning investigative alerts.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs, reasonable attorneys' fees, and expenses.

## COUNT X

### State Claim – Malicious Prosecution (as to Plaintiff Cameron)

117. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

118. Defendant Officers maliciously caused criminal charges to be commenced and continued against Plaintiff by giving false information in police reports, statements to prosecutors and in testimony.

119. Defendant Officers did not have probable cause to charge Plaintiff.

120. The criminal charges against Plaintiff were terminated in his favor.

121. Defendant Officers' conduct was willful and wanton.

122. As a result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT XI

### State Claim – Conspiracy to Commit Malicious Prosecution (as to Plaintiff Cameron)

123. Plaintiff re-alleges and incorporates all of the allegations of the preceding paragraphs.

124. On or about April 23, 2015, through and including the date of filing of this lawsuit, Defendant Officers agreed and combined to engage in a conspiracy to maliciously prosecute Plaintiff.

125. Defendants, each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

126. The Defendants, and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this complaint.

127. The Defendants, and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts, including but not limited to, swearing out false reports, giving false statements and testifying falsely.

128. The Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the Complaint.

129. The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this Complaint.

130. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

131. The Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## COUNT XII

**State Claim – Intentional Infliction of Emotional Distress (as to Plaintiff Cameron)**

132. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

133. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

134. Said conduct included failing to investigate the circumstances surrounding Plaintiff's arrest and criminal charges and providing false reports.

135. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

136. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

137. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

138. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, costs, and such other and additional relief as this court deems equitable and just.

## COUNT XIII

**State Claim – Intentional Infliction of Emotional Distress (as to Plaintiff A.C.)**

139. Plaintiff A.C. re-alleges and incorporates all of the allegations in the preceding paragraphs.

140. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

141. Said conduct included failing to investigate the circumstances surrounding Plaintiff Cameron's arrest and criminal charges and providing false reports.

16

142. Said conduct also included transporting A.C. to the police station in a police car without any reasonable suspicion that she or her father had committed any crime.

143. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to A.C.

144. Said actions and conduct did directly and proximately cause severe emotional distress to A.C. and thereby constituted intentional infliction of emotional distress.

145. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of A.C.

146. As a proximate result of Defendant Officers' wrongful acts, Plaintiff A.C. suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff A.C. demands judgment against the Defendant Officers for compensatory damages, costs, and such other and additional relief as this court deems equitable and just.

## COUNT XIV
### Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago

147. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

148. Defendant City of Chicago is the employer of Defendant Officers.

149. Defendant Officers committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

150. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

151. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs suffered physical and emotional injuries.

WHEREFORE, Plaintiffs demand judgment against the City for compensatory damages, attorneys fees, costs, and such other and additional relief as this court deems equitable and just.

## COUNT XV
### *Respondeat Superior* Liability Against City of Chicago for State Law Claims Against Defendant Officers

152. Plaintiffs re-allege and incorporate all previous paragraphs.

153. Defendant City of Chicago is the employer of Defendant Officers.

154. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

155. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employee of the Defendant City of Chicago.

156. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, Plaintiffs demand judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

JEROME CAMERON, Individually, and as Next Friend of A.C.,
By One of His Attorneys:
s/Mary J. Grieb_____
Mary J. Grieb
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590